UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

FRANCISCO GARCIA,

        Plaintiff,

  v.

M-F ATHLETIC COMPANY, INC., dba PERFORM BETTER; LEDRAPLASTICS S.p.a; BALL DYNAMICS INTERNATIONAL, LLC, and DOES 1-10,

        Defendants.

NO. CIV. 11-2430 WBS GGH

<u>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS AND TO STRIKE</u>

----oo0oo----

        Francisco Garcia brought this action against M-F Athletic Company, Inc., dba Perform Better ("M-F Athletic"), Ledraplastic S.p.a ("Ledraplastic"),[1] and Ball Dynamics International, LLC ("Ball Dynamics") stating claims for strict products liability, negligence, and breach of express and implied warranties arising out of an accident involving an inflatable

---

[1] The First Amended Complaint lists "Ledraplastics S.p.a" as a defendant. However, briefs filed by that defendant indicate that correct name is "Ledraplastic S.p.a."

1

1  plastic exercise ball.  Currently before the court are M-F
2  Athletic and Ball Dynamics' joint motion to dismiss for failure
3  to state a claim pursuant to Federal Rule of Civil Procedure
4  12(b)(6) and motion to strike pursuant to Rule 12(f), and
5  Ledraplastic's motion to dismiss pursuant to Rule12(b)(6) or to
6  strike pursuant to Rule 12(f).

I.   Factual and Procedural Background

        Plaintiff is a professional basketball player with the Sacramento Kings.  (First Am. Compl. ("FAC") ¶ 1 (Docket No. 6).) Plaintiff alleges that while he was using an inflatable exercise ball in a foreseeable manner, the ball burst, causing him to fall to the ground with weights in both hands.  (Id.)  The fall caused several injuries, including a fractured right forearm.  (Id.)

        According to plaintiff, he was using a "Gymnic Plus Ball *Burst Resistant* 'Plus' Stability Ball-75 CM."  (Id. ¶ 10.) He further alleges that this ball was actively marketed for use by athletes and that defendants represented and warranted that the ball had a six-hundred pound capacity and was "burst resistant."  (Id. ¶¶ 10-11.)  Plaintiff alleges defendants knew that, contrary to these representations, the exercise ball was "easily susceptible to bursting when confronted with weight capacities less . . . than 600 pounds" and that they "placed the exercise ball into the stream of commerce knowing that the exercise ball posed unsafe and dangerous consequences for foreseeable purchasers and users of the product, including Plaintiff, who used the product in a foreseeable manner." (Id. ¶ 12.)

        Plaintiff's FAC states claims for strict products

liability, negligence, and breach of express and implied warranties. (Docket No. 6.) He also seeks punitive damages. (FAC at 12:13.) Ledraplastic, Ball Dynamics, and M-F Athletic now move to dismiss plaintiff's claim for breach of express and implied warranties, as well as to either dismiss plaintiff's claim for punitive damages or strike that request from the FAC.

II. Discussion

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 556-57).

A. Motions to Dismiss Breach of Warranty Claim

"As a general rule, privity of contract is a required element of [a] ... breach of warranty cause of action." Fieldstone Co. v. Briggs Plumbing Prods., Inc., 54 Cal. App. 4th 357, 369 (4th Dist. 1997) (citing Burr v. Sherwin Williams Co.,

3

42 Cal. 2d 682, 695 (1954) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty and that there is no privity between the original seller and a subsequent purchaser who is in no way a party to the original sale."))².  In other words, to state a claim for breach of either express or implied warranty, a plaintiff must "stand in 'vertical privity' with the defendant." Sanders v. City of Fresno, No. CIV F 05-0469, 2006 WL 1883394, at *19 (July 7, 2006).

The term "vertical privity" means that the plaintiff and defendant "occupy adjoining links in the distribution chain." Kennedy v. Baxter Healthcare Corp., 43 Cal. App. 4th 799, 810-11 (3d Dist. 1996).  "For example, the distributor is normally in

---

² Plaintiff cites Seely v. White Motor Co., 63 Cal. 2d 9 (1965), and Hauter v. Zogarts, 14 Cal. 3d 104 (1975), in support of the proposition that privity is not a required element of warranty claims under California law.  Specifically, he points to the following sentences: "Since there was an express warranty to plaintiff in the purchase order, no privity of contract was required," Seely, 63 Cal. 2d at 14, and "[p]rivity is not required for an action based upon an express warranty," Hauter, 14 Cal. 3d at 115.
  While these cases contain language that, read in isolation, might support the proposition advanced by plaintiff, "[t]he broad language of Seely and Hauter narrows significantly when read in the context of the facts of the two cases" since both "involved written warranties similar to advertisements and labels, and therefore arguably fall within [an] exception to the privity rule." Margarita Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 579 (N.D. Cal. 1999).  "Moreover, a number of cases decided after Seely in the California courts of appeal have noted the continuing validity of the privity requirement." Id. at 579-80 (citing All West Elecs. v. M-B-W, 64 Cal. App. 4th 717, 724 (5th Dist. 1998) ("The general rule is that privity of contract is required in an action for breach of either express or implied warranty"); AB Avnet EMG v. Sierra Semiconductor Corp., No. C-93-0087, 1993 WL 280504, at *4 (N.D. Cal. July 9, 1993); Fundin v. Chicago Pneumatic Tool Co., 152 Cal. App. 3d 951, 957 (4th Dist. 1984)); see also Wiley v. Yihua v. Int'l Grp., No. D053053, 2009 WL 1556534, at *6 (Cal. Ct. App. 4th Dist. June 4, 2009).

4

vertical privity with the manufacturer, and the ultimate retail buyer is normally in vertical privity with the dealer.  But if the retail buyer seeks warranty recovery against a manufacturer with whom he has no direct contractual nexus, the manufacturer would seek insulation via the vertical privity defense." <u>Osborne v. Subaru of Am., Inc.</u>, 198 Cal. App. 3d 646, 656 n.6 (3d Dist. 1988).

        The closest that plaintiff comes to alleging privity of contract with defendants is claiming that the "exercise ball was marketed and/or sold to Plaintiff by Defendants M-F Athletic, Ledra and Ball Dynamics." (FAC ¶ 11.)  It seems, however, implausible if not impossible that all three defendants sold plaintiff the ball.  Although plaintiffs are allowed to plead in the alternative, on a motion to dismiss the plaintiff must allege facts that "plausibly suggest an entitlement to relief." <u>Iqbal</u>, 129 S.Ct. at 1951.

        Here, plaintiff would presumably be aware of when and from whom he purchased the allegedly defective ball.  In spite of this, he failed to include such facts in the FAC, and instead alleged only that one or more of the defendants may have sold the ball to him.  These allegations suggest only the possibility that one defendant, as opposed to the two others, may be in privity with plaintiff.  Such speculation does not plausibly suggest that plaintiff is entitled to relief from any defendant.  Moreover, the court cannot help but observe that in another related case (<u>Sacramento Kings Limited Partnership, L.P. v. M-F Athletic Company, et al.</u>, Civ. S-10-1743 WBS), pending in this court, plaintiff's employer has alleged that <u>it</u> purchased the exercise

ball.  Without some further explanation, it is not plausible that both Garcia and his employer were the purchaser of the ball.

There are several exceptions to the privity requirement.  <u>Clemens v. DaimlerChrysler Corp.</u>, 534 F.3d 1017, 1023 (9th Cir. 2008).  "The first arises when the plaintiff relies on written labels or advertisements of a manufacturer.  The other exceptions arise in special cases involving foodstuffs, pesticides, and pharmaceuticals, and where the end user is an employee of the purchaser."  <u>Id.</u> (citing cases).  A plaintiff may state a claim for breach of express or implied warranty without alleging privity, therefore, if he alleges facts suggesting that his case falls into one of the recognized exceptions to the general rule.  <u>See Margarita Cellars v. Pac. Coast Packaging, Inc.</u>, 189 F.R.D. 575, 580 (N.D. Cal. 1999).

Plaintiff has not argued that the allegations in the FAC render the any of the exceptions to the privity requirement applicable.  Should he choose to reassert his breach of warranty claim relying on one of these privity exceptions, he is cautioned that he must allege specific facts showing that that privity exception is applicable.  For example, if he wishes state a breach of warranty claim on the basis of written labels or advertisements, he must allege what writing he saw, when he saw it, and how he relied upon it.

Plaintiff has adequately alleged neither privity nor facts that would support the application of an exception to the privity requirement.  Accordingly, defendants' motions to dismiss

plaintiff's breach of warranty claim are denied.[3]

B. <u>Motions to Strike or Dismiss Request for Punitive Damages</u>

Federal Rule of Civil Procedure 12(f) enables the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." <u>Lilley v. Charren</u>, 936 F. Supp. 708, 713 (N.D. Cal. 1996). A "motion to strike is appropriate to address requested relief ... which is not recoverable as a matter of law." <u>Wilkerson v. Butler</u>, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

California law provides for punitive damages "[i]n an action for the breach of an obligation not arising from contract" in certain circumstances. Cal. Civ. Code § 3294(a). "Something more than the mere commission of a tort is always required for punitive damages." <u>Scott v. Phoenix Sch., Inc.</u>, 175 Cal. App.

---

[3] In its Reply, Ledraplastic raises new arguments regarding a California requirement that plaintiffs provide defendants with pre-litigation notice in order to state breach of warranty claims. In light of the fact that these arguments were not raised in its motion, it would be inappropriate for the court to consider them at this time. <u>Ass'n of Irritated Residents v. C & R Vanderham Dairy</u>, 435 F. Supp. 2d 1078, 1089 (E.D. Cal.2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."); <u>see also</u> <u>United States v. Romm</u>, 455 F.3d 990, 997 (9th Cir. 2006) (citing <u>Smith v. Marsh</u>, 194 F.3d 1045, 1052 (9th Cir. 1999)); <u>Cedano-Viera v. Ashcroft</u>, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); <u>Bazuaye v. INS</u>, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."). The court, therefore, takes no position on whether plaintiff's warranty claims as currently plead are deficient for failure to allege pre-litigation notice.

7

4th 702, 716 (3d Dist. 2009) (quoting <u>Taylor v. Supreme Court</u>, 24 Cal. 3d 890, 894 (1979)).  "[P]unitive damages are appropriate where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression or (3) malice."  <u>In re First Alliance Mortg. Co.</u>, 471 F.3d 977, 998 (9th Cir. 1992) (citing Cal. Civ. Code § 3294(a)).  Under section 3294, malice may be shown where the defendant acts with "the motive and willingness to vex, annoy, or injure, or a conscious disregard of the rights and safety of others."  <u>Adams v. Kraft</u>, --- F. Supp. 2d ----, 2011 WL 5079528, at *24 (N.D. Cal. 2011) (internal citations and quotation marks omitted).

A conscious disregard of others is characterized by more than mere recklessness.  <u>Taylor</u>, 24 Cal. 3d at 895.  It is "despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others."  Cal. Civ. Code, § 3294(c)(1).  "To establish conscious disregard, the plaintiff must show that the defendant was aware of the probable dangerous consequences of his conduct, and that he wilfully and deliberately failed to avoid those consequences."  <u>Spinks v. Equity Residential Briarwood Apartments</u>, 171 Cal. App. 4th 1004, 1055 (6th Dist. 2009) (quoting <u>Hoch v. Allied-Signal, Inc.</u>, 24 Cal. App. 4th 48, 61 (1st Dist. 1994)) (internal quotation marks omitted).

Under California law, plaintiffs must allege facts to support the conclusion that a defendant acted with malice, fraud, or oppression.  See <u>Smith v. Superior Court</u>, 10 Cal. App. 4th 1033, 1041-42 (4th Dist. 1992) (striking plaintiff's prayer for punitive damages where the complaint was "devoid of any factual

8

assertions supporting a conclusion petitioners acted with oppression, fraud or malice"). In diversity proceedings in federal court, "[h]owever, the fact that California courts may impose a heightened pleading requirement on claims for punitive damages is irrelevant, because such a requirement conflicts with federal procedural law." Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1066 (C.D. Cal. 2009). Because this is a diversity proceeding in which federal procedural law governs, plaintiff's request for punitive damages must be reviewed under federal standards, not the heightened requirement imposed by California procedural law. Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000).

The FAC claims that defendants acted in "conscious disregard of the welfare and safety of Plaintiff," (FAC ¶¶ 22, 33, 43), and that defendants "consciously and recklessly failed to warn" consumers of the ball's defects, (id. ¶ 15). In support of these claims, the only fact that plaintiff alleges is that defendants did not warn consumers of the dangers of using the ball with weights after lawsuits were filed alleging injuries caused by using the ball in such a manner. (FAC ¶ 29.)

The fact that lawsuits were filed does not establish that injuries actually occurred. Plaintiffs have been known to file frivolous lawsuits and, without knowing any details regarding these lawsuits (not even the number filed), the court cannot infer conscious disregard on the part of defendants. Indeed, if such cursory allegations were sufficient to support a request for punitive damages, a plaintiff in almost any products liability case could request punitive damages. Nothing plaintiff

alleges in the FAC suggests how it is that defendants here acted in a despicable manner such that they should be forced to pay punitive damages above and beyond the damages normally assessed.[4]

IT IS THEREFORE ORDERED that Ledraplastic's motion to dismiss and M-F Athletic and Ball Dynamics' joint motion to dismiss plaintiff's breach of warranty claims be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that Ledraplastic's motion to strike and M-F Athletic and Ball Dynamics' and Ledraplastic's joint motion to strike plaintiff's request for punitive damages be, and the same hereby are, GRANTED.

Plaintiff has twenty days from the date of this Order

---

[4] It was a long-held understanding that under Rule 12(f), district courts could strike a request for punitive damages on the ground that those damages were not recoverable as a matter of law. See, e.g., Wilkerson, 229 F.R.D. at 172; Bureerong v. Uvawas, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996); see also Schwarzer, et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2010) § 9:389, p. 9-120 (stating that "[a] motion to strike may be used to strike the prayer for relief were the damages sought are not recoverable as a matter of law," and listing punitive damages as an example of a request that may be struck in this manner). The court recognizes that Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970 (9th Cir. 2010), a case involving a motion to strike a request for lost profits and consequential damages, has cast some doubt on the practice of using motions to strike for such purposes. See Rhodes v. Placer Cnty., No. 2:09-cv-00489, 2011 WL 1302240, at *20 (E.D. Cal. Mar. 31, 2011) (construing motion to strike request for punitive damages as motion to dismiss in light of Whittlestone). However, under California law punitive damages are merely a remedy that may attach to a particular cause of action, not a separate cause of action in and of themselves. See Hilliard v. A.H. Robins Co., 148 Cal. App. 3d 374, 391 (2d Dist. 1983). Given that there is no such thing as a stand alone "claim" for punitive damages, it seems inappropriate to require a motion to dismiss a claim for punitive damages. Even if the court were to construe defendants' requests as motions to dismiss, however, the outcome would not change. Under either standard, plaintiff has not sufficiently alleged facts to support his request for punitive damages and so the court would grant defendants' motions.

to file an amended complaint, if it can do so consistent with this Order.

DATED:    February 16, 2012

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE